UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TORRES LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendant. | No. 1:25-cv-00783-SKO<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE STAYED PENDING NINTH CIRCUIT DECISION, HOLDING MOTION TO DISMISS IN ABEYANCE, AND VACATING HEARING<br><br>THIRTY DAY DEADLINE<br><br>(Docs. 1, 12) |

Plaintiff David Torres Lopez ("Plaintiff"), proceeding pro se, brings this action under the Administrative Procedure Act challenging the failure by Defendant Director, U.S. Citizenship and Immigration Services ("USCIS") to adjudicate his pending U visa petition. (Doc. 1.) USCIS has filed a motion to dismiss. (Doc. 12.) Plaintiff has not responded to the motion.

On October 23, 2025, the Ninth Circuit is scheduled to hear oral argument in *U Visa Appellants v. Director, U.S. Citizenship and Immigration Services*, No. 24-6824 (9th Cir. Nov. 12, 2024). According to the opening brief, the issues presented to the Ninth Circuit for review in *U Visa Appellants* are as follows:

> 1. Overseas members of the U visa waiting list are entitled to consideration for parole. Appellee refuses to make waiting list decisions for domestic U visa applicants with bona fide determinations. Whether Appellee is causing injury in fact by preventing Appellants from being considered for parole by refusing to issue them waiting list decisions.

1

2.    Appellee promulgated a regulation requiring it to make waiting list decisions. Then it issued a policy refusing to make waiting list decisions for Appellants. Whether Appellee's policy can relieve it of its regulatory, mandatory duty.

3.    Regulations require Appellee to issue advance parole to noncitizens when parole is authorized. Appellee authorized parole for members of the U visa waiting list. Whether members of the U visa waiting list are entitled to advance parole or an opportunity to apply for advance parole.

*U Visa Appellants*, Doc. 14, at 7.

As USCIS notes in their motion to dismiss (Doc. 12 at 22), although it appears Plaintiff is challenging the treatment (or lack thereof) of his own U visa petition, his complaint could be construed as an attempt to allege that USCIS is unlawfully withholding adjudication of U visa petitions generally, which is at issue in *U Visa Appellants*. (*See, e.g.*, Doc. 1 ¶ 80 ("Defendant is unlawfully withholding waiting list decisions for all U visa applicants."); ¶ 82 ("USCIS's [bona fide determination] policy unlawfully withholds waiting list decisions for domestic Principal Applicant Plaintiffs with no action or [bona fide determinations]"); ¶ 86 ("This Court should set aside the part of the [bona fide determination] policy refusing to make waiting list decisions . . ."); "Prayer for Relief" (requesting that the Court "declare all delays [in adjudication of U visa petitions] described above as unreasonable" and "declare USCIS's refusal to make waiting list decisions unlawful.") Given the pending appeal before the Ninth Circuit, it appears that a stay of this action until the Ninth Circuit issues its decision in *U Visa Appellants* may be warranted.

Accordingly, within thirty days of service of this order, Plaintiff is ORDERED to show cause in writing why this action should not be stayed until the Ninth Circuit issues its decision in *U Visa Appellants*. Alternatively, Plaintiff may file an amended complaint that limits the basis of his claims to his own U visa petition. **If Plaintiff fails to comply with this order, this action will be dismissed.**

///

///

///

///

In view of the foregoing, USCIS's motion to dismiss (Doc. 12) is HELD IN ABEYANCE pending further order of the Court. The hearing on the motion set for November 5, 2025, is VACATED, subject to being re-set, if appropriate.

The Court DIRECTS the Clerk of Court to serve this order on Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **October 10, 2025**                    /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

3